# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | * | |
| WILLIAM K. LAVELLE, | * | No. 13-537V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | Filed: August 29, 2014 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs; award |
| AND HUMAN SERVICES, | * | in the amount to which |
| | * | respondent does not object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

F. John Caldwell, Jr., Maglio, Christopher & Toale, P.A., Sarasota, FL, for Petitioner;

Lynn E. Ricciardella, U. S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On August 26, 2014, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter.  Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review.  Upon review of petitioner's application, respondent raised objections to certain items.  Based on subsequent discussions, petitioner amended his application to request $14,077.00, an amount to which respondent does not object.  The Court awards this amount.

On August 2, 2013, William Lavelle filed a petition for compensation alleging that the influenza vaccine, which he received on or about September 27, 2010, caused him to suffer Guillain-Barré syndrome ("GBS").  Petitioner received compensation based upon the parties' stipulation.  Decision, issued Aug. 25, 2014.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

Because petitioner received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

Petitioner seeks a total of **$14,077.00** in attorneys' fees and costs for his counsel. Additionally, in compliance with General Order No. 9, petitioner states that he incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $14,077.00 in the form of a check made payable to petitioner and petitioner's attorney, F. John Caldwell, Jr., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

        s/Christian J. Moran
        Christian J. Moran
        Special Master